Shafqaat Bukhari
9416 Canalino Dr
Las Vegas, NV 89134
In Common Law-Pro Per
702-845-0107

2010 JUN -1 A 10: 11

## DISTRICT COURT OF UNITED STATES
## DISTRICT OF LAS VEGAS NEVADA
## ARTICLE III

SHAFQAAT BUKHARI
Plaintiff,

vs.

2:10-cv-00823-GMN-RJJ

LENDING 1ST MORTGAGE, EMC MORTGAGE, CORP, CHASE, NATIONAL DEFAULT SERVICING CORPORATION, LAND AMERICA LAWERS TITLE, LAWYERS TITLE OF NEVADA, MORTGAGE ELECTRONIC REGISTRATION SYSTEM "MERS", ASSIGNEES AND/OR SUCCESSORS, AND DOES 1-10

Defendants,

**MOTION FOR RESTAINING ORDER WITH POINTS AND AUTHORITES, AND EMERGENCY INJUNCTIVE AND DECLARATOYR RELIEF**

The Plaintiff and moving party in this motion submits the following in this action in Opposition to Defendants UNLAWFUL ACTIONS. The defendants do not have authority for actions being taken.

### LEGAL AUTHORITY RELIEF REQUEST

A request for the Estopple of representatives from any act to have sale of the property located at 1057 Pleasing Plateau Street, Henderson, Nevada, 89015, APN: 179-31-214-029 hereafter "property", until such times as Shafqaat Bukhari petition (attached) can be adjudicated on its merits. The defendants in this action are proceeding forward with force, false claims, and no documentation of being an injured party.

## BACKGROUND AND FACTS IN SUPPORT

1. Defendant does not have standing or enforceable right to enforce the Note and any incidental right to collateral so as to foreclose on Plaintiff's property, including without limitation, finalizing the Sale relative to the Property.

2. Defendant threatens to, and unless restrained, will evict Plaintiff from their home by finalizing the Sale relative to the Property.

3. Any such action would result in a new cause of action for "wrongful foreclosure," cause irreparable harm to Plaintiff, and will cause pecuniary compensation that will not afford adequate relief because Plaintiff's home is unique.

4. Due to the manner in which Defendants deceived the undersigned into a fraudulent contract that it never fulfilled, in great part caused the undersigned's ruination financially, and to physically remove the family from their shelter would cause irreparable harm to the undersigned's family.

5. Injunctive relief is therefore necessary to enjoin Defendant from foreclosing upon Plaintiff's home since Defendant lacks standing and any enforceable rights under the Promissory Note.

6. It is not now, nor has it even been Shafqaat Bukhari intention to avoid paying any obligation that lawfully owed

7. For these and other causes suit is being brought against the defendants for INJUNCTION AGAINST FRECLOUSE, RELAESE OF LIEN, SALE AND OTHER RELIEF as of the date of this filing.

8. THE PROMISSORY NOTE AND MORTGAGE NOTE, AS PRESENTED BY

DEFENDANT'S AGENT, DOES NOT EVIDENCE PLAINTIFF'S AUTOGRAPH: A FRAUD IS BEING PERPETRATED BY DEFENDANT TO FORECLOSE.

9. The NOTE bring provided by the defendant is not a true representation of the note Plaintiff signed, but is a counterfeit security., NEVADA LAW states if a NOTE is to be paid in full, the ORIGINAL wet-Ink Promissory notes should be returned to the originator.

10. Defendant has foreclosed on the Note, Mortgage and the Property with a counterfeit security, which is a crime.

11. The fact that the "loan" was securitized; there is reason to believe that Defendant is not in possession of the original Note and Mortgage.

12. Defendant has committed various frauds and will steal the Plaintiff's home on APRIL 29, 2010 which is a given sale date, which are felony crimes (see, 18 USC §§ 4, 241, 242, 513, 514, 2071).

13. This Court must not allow this fraud to stand. The introduction of the alleged original Promissory Note (which it is not) must be stricken from the record due to the fraud as noted herein. Defendant has come forth without legal authority to foreclose and with unclean hands. Sanctions of treble damages should be imposed against Defendant and its alleged counsel.

14. Defendant is not owner of the Promissory note and is not in possession of the original wet-ink note which is firsthand knowledge.

15. Defendant is a trust of an asset backed securities trust, a trust the Plaintiff did not contract with.

16. The trust has been terminated by the originator and the Defendants has no standing over the property. For the defendants to proceeded with action of sale on the plaintiffs property will be unlawful.

17. GRANTING of this Temporary Restraining Order will not impair public interest, but a DENIAL will cause great economic harm, deprive a resident of Nevada out of shelter based on fraud.

18. A DENIAL of the Temporary Restraining Order will cause Shafqaat Bukhari, unbalanced harm and will be unbearable for the Plaintiff.

19. Shafqaat Bukhari, respectfully request for this Temporary Restraining Order to be Granted as the Defendants Actions are based on Fraud.

Prepared and respectfully submitted by,

Name  _[signature]_

SHAFQAAT BUKHARI

Date: June 01, 2010