UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAFQAAT BUKHARI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LENDING 1ST MORTGAGE et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:10-cv-00823-GMN-RJJ <br><br> **ORDER** |

Plaintiff has sued Defendants on multiple causes of action related to the foreclosure of the mortgage on one of his properties. Plaintiff has at least three cases pending before this Court concerning foreclosures of mortgages on his rental and investment properties. His residence does not appear to be in foreclosure. Pending before the Court are Defendants EMC Mortgage Corp.'s ("EMC"), Chase Home Finance, LLC's ("Chase"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss and Expunge Lis Pendens (ECF Nos. 13, 14) and Defendants Lawyers Title of Nevada's ("Lawyers Title") and Land America Lawyers Title's ("Land America") Motion to Dismiss (ECF No. 16). For the reasons given herein, the Court denies the motions.

**I.   FACTS AND PROCEDURAL HISTORY**

On May 4, 2006, Plaintiff made a promissory note to lender Lending 1st Mortgage ("1st Mortgage") for $436,000 to finance the purchase of real property located at 1057 Pleasing Plateau St., Henderson, NV 89015 ("the Property"). (*See* First Deed Trust 1–3, ECF No. 13 Ex. B). The note is a forty-year, adjustable-rate loan, the interest rate of which could never exceed 9.95%. (*See id.* 17–18). The deed of trust lists Land America Lawyers Title ("Land America")

as trustee and MERS as a "beneficiary" and "nominee." (*See id.* 1).  On the same date, Plaintiff made a second note in the amount of $54,500 secured by a second deed of trust on the Property, which deed of trust involved the same parties in the same capacities. (*See* Second Deed Trust 1–2, ECF No. 13 Ex. C).  Plaintiff defaulted.

Although copies are not attached to the pleadings, the public records concerning Clark County parcel number 179-31-214-029 indicate that Defendant National Default Servicing Corp. ("NDSC") filed a notice of default and election to sell ("NOD") on September 23, 2009, but that NDSC was not substituted as trustee (by Wells Fargo National Association, who may or may not have had the power to make such a substitution) until May 14, 2010. *See* Clark County Recorder's Office, http://recorder.co.clark.nv.us/oncorewebecommerce.  NDSC filed a notice of trustee sale ("NOS") on May 14, 2010, but Plaintiff filed the lis pendens on June 1, 2010, so the trustee sale has presumably not yet occurred.  Without evidence that the lender or beneficiary at the time of the filing caused NDSC to record the NOD, this sequence of events indicates a statutory defect in foreclosure, because a non-judicial foreclosure sale cannot occur in Nevada until the trustee or beneficiary (or an agent of one of these parties) files an NOD. *See* Nev. Rev. Stat. § 107.080(2)(c).  NDSC was not the trustee when it filed the NOD in this case, and unless Defendants can produce evidence showing that the beneficiary at the time the NOD was filed caused NDSC to file it, there is a statutory defect in foreclosure.

On July 19, 2010, however, Land America and Lawyers Title filed a Request for Judicial Notice ("RJN") (ECF No. 17) along with their Motion to Dismiss (ECF No. 16).  The RJN contains a Substitution of Trustee confirming that on October 20, 2009, Wells-Fargo Bank, the beneficiary of the mortgage as trustee for a mortgage-backed security, substituted NDSC as trustee for Land America, (*see* RJN Ex. B), and that NDSC then filed the NOS on May 14, 2010, with a date of sale scheduled for June 8, 2010, (*see id.* Ex. C).  This confirms the statutory defect

in foreclosure.

Plaintiff sued 1st Mortgage, EMC, Chase, NDSC, Land America, Lawyers Title of Nevada, and MERS in this Court on June 1, 2010 on six causes of action, which Plaintiff lists as the first, second, third, fourth, fifth, and eighth causes of action.  The causes of action all allege various theories of wrongful foreclosure, except for the fifth cause of action, which is a prayer for injunctive relief.  The Court will treat the Complaint as alleging a single cause of action for wrongful foreclosure.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,

550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III.     ANALYSIS**

Plaintiff argues many theories of wrongful foreclosure. Most of the allegations in the Complaint consist of generalized grievances against the banking and mortgage industries and argumentation that the securitization of promissory notes renders them unenforceable. First,

Plaintiff argues that the notes are invalid because of cognovit clauses in them. A cognovit clause is a clause in which a debtor relinquishes, in advance, the right to be notified of court hearings in any suit against him for nonpayment. *See Black's Law Dictionary* 296 (9th ed. 2009). The Supreme Court has held that such clauses do not necessarily violate the Due Process Clause of the Fourteenth Amendment. *See D.H. Overmyer Co., Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 188 (1972). In any case, there is no evidence of such clauses in the notes in this case. Plaintiff does not quote any such clauses, produce copies of them, or cite to them. Nor does Plaintiff allege that judicial proceedings have been instituted against him without notice. He alleges only non-judicial proceedings, and he had constructive notice of these proceedings via filing of the NOD (and likely actual notice via mailing of the NOD to his residence).

Second, Plaintiff alleges that his signature does not appear on the notes and deeds of trust. There is no copy of the notes in the record, but the copies of the deeds of trust in the record bear Plaintiff's notarized signatures. (*See* First Deed Trust 14–15; Second Deed Trust 7–8). Plaintiff alleges that fraudulent copies of promissory notes have been produced by Defendants, but there appear to be no copies of either note in the record, only copies of the deeds of trust. Third, Plaintiff alleges that as the trustee of certain mortgage backed securities, of which the notes are a part, Defendants have no standing to foreclose. However, the trustee of such a security holds legal title to the notes comprising the security and has standing to assert the interests of the equitable beneficiaries. It is in fact the fiduciary duty of the trustee to protect the interests of the beneficiaries by managing the assets, in this case through foreclosure on defaulted loans. The beneficiaries are not indispensible parties, and the trustee of a deed of trust may foreclose a mortgage in the interest of the beneficiaries, *see* 9 A.L.R.2d. 144 § 50 (1950), especially where the beneficiaries are very numerous, *see id.* at 146, just as a trustee may as a general matter file and defend suits over the trust corpus without the joinder of the beneficiaries

when the adversary is a stranger to the trust, *see id.* at 81 § 21.  Here, Plaintiff is a stranger to the mortgage-backed securities trust.  The trustee of such a trust may therefore foreclose on the Property and defend the present suit on behalf of the beneficiaries without joining them.

Fourth, Plaintiff argues that Defendants had no right of subrogation.  This case does not involve a subrogation relationship, where a third party pays a debtor's debt and thereby becomes subrogated to the debt and stands in the shoes of the original creditor.  Defendants need not assert subrogation here.

Fifth, Plaintiff argues that he never received any loan proceeds, but the fact that the prior owner of the Property has not objected to Plaintiff (or his tenant) occupying the Property without having paid for it makes this allegation nearly impossible.

In summary, Plaintiff makes no meritorious allegations indicating wrongful foreclosure.  A damages action for wrongful foreclosure does not lie unless the property is sold in the absence of default.  *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) ("[T]he material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised.").  Plaintiff alleges neither a lack of default nor a completed trustee sale.  Still, as noted, *supra*, there appears to have been a statutory defect in foreclosure here, which will support the equitable remedy of injunction.  Unless Defendants can provide an affidavit or other similar evidence indicating that the lender or subsequent beneficiary caused NDSC to file the NOD, NDSC must re-file the NOD now that NDSC has been properly substituted as the trustee.  Because Wells Fargo appears to claim to have been the beneficiary at the time of foreclosure (Wells Fargo substituted NDSC as trustee), Defendants must also provide evidence, by affidavit or otherwise, that Wells Fargo in fact is a specific endorsee of the note or a holder of the blank-endorsed note.  There is currently no evidence in the record that any party other than 1st Mortgage owns the debt.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss and Expunge Lis Pendens (ECF Nos. 13, 14) are DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 16) is DENIED. Although NDSC filed the NOD and was later substituted as trustee for Lawyer's Title, it is plausible that the Lawyer's Title Defendants were involved in the statutorily defective foreclosure proceedings, because Lawyer's Title was still the trustee when NDSC filed the NOD.

DATED this 9th day of August, 2010.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE